## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 250
Melville, New York 11747
(631) 247-0404

      ATTORNEYS OF RECORD:
          PAUL J. SIEGEL, ESQ.
          NOEL P. TRIPP, ESQ.

-------------------------------------------------------------------X

MATTHEW FERMIN and JANCKELL FERMIN,
*on behalf of themselves, FLSA Collective Plaintiffs*
*and the Class,*

                        Plaintiffs,

            -against-

ENGLISH ENTERPRISES, INC.,
OLIVES NY LLC, and TODD
ENGLISH,

                    Defendants.

-------------------------------------------------------------------X

Civil Action No.: 14 CV 3281

Abrams, J.

TO:   C.K. LEE, ESQ.
      LEE LITIGATION GROUP, PLLC
      *ATTORNEYS FOR PLAINTIFFS*
      30 East 39th Street, Second Floor
      New York, New York 10016
      (212) 465-1180

### DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT

        Defendants, sued herein as ENGLISH ENTERPRISES, INC. ("EEI"), OLIVES

NY LLC ("Olives") and TODD ENGLISH ("Mr. English"), by and through their undersigned

counsel, hereby respond to the allegations in Plaintiffs' Class And Collective Action Complaint

("Complaint") as follows:

## AS TO "INTRODUCTION"

1.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 1, but deny that Plaintiffs are entitled to any relief whatsoever and deny any factual allegations and claims contained therein.

2.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 2, but deny that Plaintiffs are entitled to any relief whatsoever and deny any factual allegations and claims contained therein.

3.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 3, but deny that Plaintiffs are entitled to any relief whatsoever and deny any factual allegations and claims contained therein.

4.      Defendants admit that Plaintiffs purport to proceed as set forth in paragraph 4, but deny that Plaintiffs are entitled to any relief whatsoever and deny any factual allegations and claims contained therein.

## AS TO "JURISDICTION AND VENUE"

5.      Defendants admit that this Court has jurisdiction over timely claims properly asserted pursuant to the Fair Labor Standards Act ("FLSA") generally, but deny that any violation of law has occurred, deny that the Court should exercise supplemental jurisdiction in this matter and otherwise deny all allegations.

6.      Defendants admit that venue lies in this District because Defendant Olives operated in Manhattan, New York City.

## AS TO "PARTIES"

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Plaintiffs' Complaint.

2

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Paragraph 14 calls for a legal conclusion, to which no response is required. To the extent paragraph 14 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

15.     Defendants admit Plaintiffs purport to proceed as set forth in paragraph 15, but deny that Plaintiffs are entitled to any relief whatsoever and deny all factual allegations and claims contained therein.

16.     Paragraph 16 calls for a legal conclusion, to which no response is required. To the extent paragraph 16 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Paragraph 17 calls for a legal conclusion, to which no response is required. To the extent paragraph 17 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 17 of Plaintiffs' Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

18.     Defendants admit Plaintiffs purport to proceed as set forth in paragraph 18, but deny that Plaintiffs are entitled to any relief whatsoever and deny any factual allegations and claims contained therein.

19.     Paragraph 19 calls for a legal conclusion, to which no response is required. To the extent paragraph 19 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Paragraph 20 calls for a legal conclusion, to which no response is required. To the extent paragraph 20 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Paragraph 21 calls for a legal conclusion, to which no response is required. To the extent paragraph 21 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Paragraph 22 calls for a legal conclusion, to which no response is required. To the extent paragraph 22 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 22 of Plaintiffs' Complaint, but deny knowledge or information sufficient to form a belief as to the qualifications of Plaintiffs' counsel and their previous representation of these Plaintiffs.

23.     Paragraph 23 calls for a legal conclusion, to which no response is required. To the extent paragraph 23 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Complaint, except deny knowledge regarding the conduct, or concerns or perceptions of "employees'" of other employers.

25.     Paragraph 25 calls for a legal conclusion, to which no response is required. To the extent paragraph 25 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Complaint, including subparts "a)" through "n)" thereof.

## AS TO "STATEMENT OF FACTS"

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant Olives denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant Olives denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant Olives denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant Olives denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant Olives denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant Olives denies the allegations contained in paragraph 35 of Plaintiffs' Complaint, but avers that Tom Favure previously was employed by Olives. Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant Olives denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.  Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

6

39.      Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.      Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41.      Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.      Defendant Olives denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.   Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.      Defendant Olives denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.   Defendants EEI and Mr. English deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.      Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.      Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.      Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.      Defendants deny the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.      Defendants deny the allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of Plaintiffs' Complaint.

<u>AS TO "STATEMENT OF CLAIM</u>

COUNT I

<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT"</u>

55.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 54 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

56.     Paragraph 56 calls for a legal conclusion, to which no response is required. To the extent paragraph 56 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     Paragraph 57 calls for a legal conclusion, to which no response is required. To the extent paragraph 57 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

8

58.     Paragraph 58 calls for a legal conclusion, to which no response is required. To the extent paragraph 58 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint, except deny knowledge regarding what Plaintiffs intend to do in regard to discovery or amending of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.     Paragraph 68 calls for a legal conclusion, to which no response is required. To the extent paragraph 68 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

## AS TO "COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW"

69.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 68 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

70.     Paragraph 70 calls for a legal conclusion, to which no response is required. To the extent paragraph 70 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Complaint.

## AS TO "COUNT III

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW
### (RACE DISCRIMINATION)"

77.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 76 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

78.     Since the text of New York Executive Law § 296 speaks for itself, Defendants deny said allegation as not being factual in nature or a complete accurate recitation.

79.     Paragraph 79 calls for a legal conclusion, to which no response is required. To the extent paragraph 79 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of Plaintiffs' Complaint.

## AS TO "COUNT IV

## <u>VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW</u>
(DISCRIMINATION)"

85.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 84 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

86.     Since the text of New York City's Administrative Code § 8-107 speaks for itself, Defendants deny said allegation as not being factual in nature or a complete accurate recitation.

87.     Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88.     Paragraph 88 calls for a legal conclusion, to which no response is required. To the extent paragraph 88 contains factual material requiring a response, Defendants deny the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of Plaintiffs' Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Complaint.

## AS TO "COUNT V
## DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE
## CODE (SUPERVISOR LIABILITY)"

93.     Defendants repeat, reiterate and reallege each and every response contained in paragraphs 1 through 92 above, as if fully set forth herein at length, and deny each and every allegation not unequivocally admitted in this Answer.

94.     Since the text of New York City's Administrative Code speaks for itself, Defendants deny said allegation as not being factual in nature or a complete accurate recitation.

95.     Defendants deny the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of Plaintiffs' Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of Plaintiffs' Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of Plaintiffs' Complaint.

## AS TO "PRAYER FOR RELIEF" CLAUSE

Defendants deny all statements and allegations contained therein, including any claim for relief set forth in the "WHEREFORE" clause, including sub-paragraphs a. through p.

## AS TO "JURY DEMAND"

Defendants admit that Plaintiffs purport to demand a trial by jury, but deny that Plaintiffs are entitled to a jury trial as to all elements and relief possibly available as to all claims.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

\*          \*          \*

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

### AS AND FOR A FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of those persons they purport to represent.

### AS AND FOR A SECOND DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent that it is barred by the applicable statutes of limitation or Plaintiffs' failure to fulfill or jurisdictional prerequisites to suit or exhaust administrative remedies.

### AS AND FOR A THIRD DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly-situated to the other individuals who they purport to represent.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the de minimis doctrine. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs lack standing to be and are not adequate representatives of the putative collective action "class" and, as such, the Court should not authorize notice to be issued or a collective action to be maintained under the FLSA.

## AS AND FOR A SEVENTH DEFENSE

The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the FLSA.  This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## AS AND FOR AN EIGHTH DEFENSE

This case is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to each of the purported collective action members.

## AS AND FOR A NINTH DEFENSE

Plaintiffs cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## AS AND FOR A TENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.  This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A TWELFTH DEFENSE

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A FOURTEENTH DEFENSE

To the extent any members of the putative classes signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs cannot establish a willful violation under the FLSA or the New York Labor Law and, *inter alia*, the FLSA statute of limitation is two years (not three) and liquidated damages should not be awarded.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs are unable to meet the criteria necessary to maintain a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands based upon Plaintiffs' violations of Defendants' timekeeping and recordkeeping policies, including failure to submit accurate time records. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Defendants were not required to provide any notice pursuant to New York Labor Law § 195 to members of the putative class if they commenced and/or concluded employment with Defendants prior to the enactment of any such requirement.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs were provided all notices required by New York Labor Law § 195, and even if Plaintiffs were not provided a notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the New York Labor Law and Plaintiffs were aware that they received gratuities and were paid less than the full-minimum wage as tipped employees (as Plaintiffs admit in their Complaint).

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed as to Defendants Mr. English and EEI because neither was the employer of Plaintiffs or any other allegedly similarly situated person under the FLSA, New York Labor Law, or any other law.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants have acted in good faith and with good cause and have not violated any rights which may be secured to Plaintiffs under applicable laws, rules, regulations, codes or guidelines.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims alleging discrimination are barred and any recovery of damages is precluded, in whole or in part, because Plaintiffs unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise, including, *inter alia*, Defendant Olives' promulgation of and adherence to an anti-harassment policy with complaint procedures.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, because Defendants are informed and believe and on that basis allege that the damages and injuries sustained by Plaintiffs, if any, were and are wholly or partially proximately caused by the legal fault of other parties, thus barring or diminishing the recovery of plaintiffs and the persons whom they purport to represent according to principles of contributory or comparative negligence.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot serve as representatives or "lead" Plaintiffs for any class or collective action since each is asserting, in addition, personal claims not allegedly common to the putative class or collective action group.

* * * * * * * *

In addition to the foregoing defenses, Defendants retain the right to amend their Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE**, Defendants requests that the Court:

1.    dismiss with prejudice Plaintiffs' Complaint;

2.    deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

3.    award to Defendants reimbursement for its costs, including attorneys' fees; and,

4.    grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
         July 15, 2014

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 S. Service Road, Suite 250
Melville, New York  11747
(631) 247-0404

By:    _____
       PAUL J. SIEGEL, ESQ.
       NOEL P. TRIPP, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2014, the enclosed DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service, upon the following parties and participants:

C.K. LEE, ESQ.
LEE LITIGATION GROUP, PLLC
*ATTORNEYS FOR PLAINTIFFS*
30 East 39th Street, Second Floor
New York, New York  10016

NOEL P. TRIPP, ESQ.

4836-0339-2796, v. 1